STREET RAILROADS—ACTIONS FOR INJURIES—INSTRUCTIONS—WITHDRAWING IS-
SUE FROM JURY.

Where, in an action for injuries received in being run down by a street
car, the defendant relied upon contributory negligence, an instruction
that if plaintiff was proceeding down the track, and a car was coming
behind him, it was not his business to look around unless he heard a
noise, and, particularly on a bicycle, his eyes were supposed to be ahead,
and, if the car struck him behind, it was for defendant to show that it
was not his negligence in striking him, was erroneous, as withdrawing
from the jury the issue of contributory negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Street Railroads,
§§ 268, 269.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Romeo against the Union Railway Company for
personal injuries. From a judgment for plaintiff, defendant appeals.
Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

William E. Weaver, for appellant.

Willoughby B. Dobbs, for respondent.

MacLEAN, J. Without commenting upon the indications in the
plaintiff's testimony as to his taking care or no care at all to avoid being
struck by a car from behind, and as to inferences respecting his care
or carelessness in coming into a place of peril (Dooley v. Union Rail-
way Co., 106 App. Div. 397, 399, 94 N. Y. Supp. 635, 636), it is to be
said that the issue of contributory negligence, under the evidence in
the case, was erroneously withdrawn, or too much withdrawn, from the
jury by the instruction of the learned justice:

"I am going to charge you here that if he was proceeding down that track,
and a car was coming behind him, it was not his business to look around un-
less he heard a noise. * * * Unless his attention is called by a bell, or shout,
or something of that kind to turn around, particularly on a bicycle, his eyes
are supposed to be ahead, and only ahead, and if the car strikes him behind it
is for you to show it is not your negligence in striking him." Maher v. Met.
St. Ry. Co., 102 App. Div. 517, 519, 92 N. Y. Supp. 826.

The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.

---

(52 Misc. Rep. 558)

BAXTER v. MOHR.

(Supreme Court, Appellate Term. February 11, 1907.)

LIBEL AND SLANDER—WORDS ACTIONABLE PER SE.

Slanderous words, charging defendant with maliciously and without
cause poisoning all the cats and dogs in the neighborhood, the doing of
which act by defendant would, under Pen. Code, § 660, be a misdemeanor,

are actionable per se, so that allegation or proof of special damages is unnecessary.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 62.]

Appeal from City Court of New York, Trial Term.

Action by Alexander R. Baxter against Alonzo D. Mohr. From a judgment on a verdict. for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Donald McLean (David Asch, of counsel), for appellant.

Steuer & Hoffman (Max D. Steuer, of counsel), for respondent.

GILDERSLEEVE, J. The action is for slander. The jury gave a verdict for $200 damages. Defendant appeals.

The only ground urged for reversal is that the words are not actionable per se and no special damages were alleged or proved. The complaint alleged that plaintiff was avoided and shunned by his friends and neighbors, and otherwise damaged in his reputation, but does not allege special pecuniary damage resulting therefrom. The slanderous words were as follows:

"You are a dirty, drunken cur. You are lying around the house drunk more than half the time, and are drunk now, and you don't know what you are talking about. You have maliciously and without any cause or reason poisoned all the cats and dogs in the neighborhood, and have scalded my white cat and kicked my dog; and you have persecuted a poor widow in the neighborhood, and have robbed her of her rights."

No proof was offered tending to show special damage. The only question presented on this appeal is whether or not the words used were slanderous per se. The plaintiff was charged with maliciously and without cause poisoning all the cats and dogs in the neighborhood, which act, if true, would be a misdemeanor. Pen. Code, § 660. We think the slanderous words set forth in the complaint, and which the jury found, on sufficient evidence, were used by defendant to plaintiff in the presence of many people, were actionable per se, so that no allegation or proof of special damage was necessary. The question of the amount of the damages was one for the jury to decide, and there is no claim made that the verdict was excessive.

The judgment and order are affirmed, with costs. All concur.